**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4080

MICHAEL D. SHULER,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4081

ROBERT WAYNE HOKE,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4120

MICHAEL D. SHULER,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of North Carolina, at Bryson City.
Lacy H. Thornburg, District Judge.
(CR-95-182-M, CR-95-117)

Submitted: December 9, 1997

Decided: January 22, 1998

Before HALL and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Russell Lyway McLean, III, Waynesville, North Carolina, for Appellants. Mark T. Calloway, United States Attorney, William Boyum, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael D. Shuler and Robert Wayne Hoke appeal their convictions for aiding and abetting the unlawful possession of ginseng, 16 U.S.C.A. §§ 2, 3372(a)(3)(B) (West 1994 & Supp. 1997), 18 U.S.C. § 2 (1994), N.C. Gen. Stat. § 106-202-19(a) (1996), and knowingly giving false information to an authorized person investigating a violation of law, 36 C.F.R. § 2.32(a)(3) (1997). We affirm.*

The sole issue raised is whether there was sufficient evidence to support the convictions. "To sustain a conviction the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer, 1

_____

*Shuler also noted an appeal (No. 97-4120) following his conviction and sentence upon a guilty plea to unlawfully hunting wild animals, 16 U.S.C. § 403h-3 (1994). Shuler's brief does not raise any issues concerning that conviction or sentence. He therefore has waived appellate review. See Rosenberger v. Rector & Visitors of Univ. of Va., 18 F.3d 269, 276 (4th Cir. 1994).

2

F.3d 1430, 1437 (4th Cir. 1993); see also Glasser v. United States, 315 U.S. 60, 80 (1942). "We must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

Park rangers at the Great Smokey Mountains National Park were conducting surveillance for possible illegal ginseng digging. As dusk approached, Ranger Braxton Headley saw Hoke walk from a trail to a pickup truck and place what appeared to be a camouflage jacket in the cab of the vehicle. Hoke drove away. Headley radioed Ranger Al Miller, who was in a car, to tell him that Hoke was headed toward him.

The truck was observed quickly pulling up to a gate blocking a trailhead. Headley saw a man dressed in a camouflage shirt and carrying what appeared to be a large bag sprint towards the truck. The man got into the truck with Hoke, who quickly backed up and drove away. Headley radioed Miller and asked him to stop the truck. A park employee drove Headley to the spot where Miller had stopped Hoke's truck. Headley identified Hoke's passenger as Shuler.

The men acknowledged that they had been at a spot in the park five to ten miles from the place Headley first saw Hoke. Headley noticed that both Shuler and Hoke had very dirty pants; it appeared to him that they had been kneeling and sitting in freshly dug dirt. Also, both men had very dirty hands and fingernails, and their fingernails were scratched. Headley also observed a long stick with a sharpened, flat bottom in the bed of the truck. The sharpened end was covered with dirt. When Headley first saw the pickup truck, the stick was not in its bed. Neither Hoke nor Shuler claimed to have a permit to dig ginseng on another's land.

Headley also noticed a large pile of clothing on the floorboard of the truck. A camouflage hunting jacket lay on top of a red shirt. Hoke gave Headley permission to search the jacket. Headley found dark, moist, fresh dirt in the bottom of one pocket. Hoke told Headley that he had not worn the jacket that day and instead had been wearing the red shirt. Even after Headley informed Hoke that he had seen him

3

place a camouflage jacket in the truck, Hoke insisted that he had been wearing the red shirt.

Because he could not find Shuler's bag in the truck, Headley began walking back along the road where the truck had driven. He soon located a camouflage hunting vest by the side of the road. The bag was neither covered with leaves nor wet from rain or dew. In the vest's game pouch Headley found 359 ginseng roots. Headley took the vest back to the location of the traffic stop. Shuler informed Headley that he had never seen the vest before. However, the vest contained a right shoe insole. Shuler was asked to remove his boots. In his left boot was a matching insole; his right boot did not contain any insole.

This evidence, taken with its logical inferences, was sufficient to convict Shuler and Hoke. The evidence tends to establish that the men dug ginseng without a permit in a national park, that they possessed the ginseng roots or aided and abetted such possession, that Hoke lied to Headley about ownership of the camouflage jacket, and that Shuler lied about ownership of the hunting vest.

We therefore affirm the convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4